UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JIMMY ELLIS CLARK,<br><br>           Plaintiff,<br><br>   v.<br><br>STEVENS COUNTY DISTRICT COURT,<br><br>           Defendant. | NO. CV-09-00163-EFS<br><br>**ORDER DISMISSING PLAINTIFF'S THIRD AMENDED COMPLAINT** |

    Plaintiff Jimmy Ellis Clark filed his complaint against the City of Colville on May 29, 2009. He requested that this Court award him damages and require that the state court that convicted him vacate the conviction because the prosecuting attorney violated several federal and state laws. On August 25, 2009, this Court entered an order dismissing Clark's claims for damages and requiring him to file an amended complaint within sixty days. Clark filed an amended complaint on October 23, 2009, in which he again requested that the Court require the state court to vacate his conviction. The Court again required Clark to file an amended complaint because the only named Defendant could not provide the relief that Clark sought. Although Clark filed yet another amended complaint on January 26, 2010, it did not contain any factual allegations and the Court held that it could not incorporate prior complaints by reference. The Court also notes that Clark filed a Petition for a Writ of Review in another case with Chief Judge Suko (09-cv-00363-LRS), in which he sought similar

ORDER ~ 1

relief. After permitting Clark to proceed in forma pauperis, Chief Judge Suko denied Clark relief and dismissed his petition.

On March 18, 2010, Clark finally filed a complaint with this Court that named a correct party and included factual allegations. (Ct. Rec. 15.) Clark asserts that his conviction was invalid because the officer who cited him, the deputy prosecutor who tried his case, the judge who presided over his trial, and the appellate judges and Supreme Court justices who affirmed his conviction did not file their oath of office as required by the United States Constitution and Washington law. U.S. Const. art. VI, cl. 3; RCW 2.04.080, 35.23.081, 36.16.060; Wash. Const. art. IV, § 28. According to Clark, all those actors were involved in a criminal conspiracy to convict him through fraud, misrepresentation, and perjury. He also moves to vacate the state court's judgment (Ct. Rec. 16) and requests court-appointed counsel to assist him in this matter (Ct. Rec. 18).

The United States Constitution requires state officers to take an oath to support the federal Constitution before executing their official duties. *See Illinois v. Krull*, 480 U.S. 340, 351 (1987); *see also* 4 U.S.C. § 101. Clark does not allege that any of the officers involved in his prosecution and appeals did not take such an oath; rather, he asserts that they did not file their oaths as dictated by state law. This does not support a claim that his conviction was invalid under federal law. In the absence of a federal question, the Court lacks jurisdiction over Clark's claims that the conviction was invalid under state law. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); 28 U.S.C. §§ 1331, 1332. Further, the Court notes that all the state courts that

considered the question decided that Clark did not have valid grounds to set aside his conviction, and this Court is bound by the state courts' interpretation of their law. *Mendez v. Small*, 298 F.3d 1154, 1158 (9th Cir. 2002) ("A state court has the last word on the interpretation of state law.") (citing *McSherry v. Block*, 880 F.2d 1049, 1052 (9th Cir. 1989)).

Accordingly, **IT IS HEREBY ORDERED**:

1) Plaintiff's Third Amended Complaint is **DISMISSED with prejudice** and will not be served.

2) All pending motions are **DENIED as moot.**

3) This file shall be closed.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and distribute a copy to Plaintiff.

**DATED** this ___23rd___ day of March 2010.

            s/ Edward F. Shea
            EDWARD F. SHEA
            United States District Judge

Q:\Civil\2009\163.dism.frm

ORDER ~ 3