UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JIMMY ELLIS CLARK,<br><br>                Plaintiff,<br><br>   v.<br><br>STEVENS COUNTY DISTRICT COURT,<br><br>                Defendant. | NO. CV-09-00163-EFS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER** |

    Before the Court, without oral argument, is Plaintiff Jimmy Ellis Clark's Motion to Reconsider. (Ct. Rec. 20.) Clark contends that the Court erred by dismissing his complaint with prejudice (Ct. Rec. 19). After reviewing Clark's motion, the file, and relevant authority, the Court is fully informed. For the reasons given below, the Court denies Clark's motion.

    Reconsideration is appropriate if 1) the Court is presented with newly-discovered evidence, 2) the Court committed clear error or the initial decision was manifestly unjust, or 3) there is an intervening change in controlling law. *See United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997); *All Hawaii Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648 (D. Hawaii 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir. 1988). Clark identified neither an intervening change in

ORDER ~ 1

the controlling law nor newly-discovered evidence. Accordingly, Clark appears to argue that reconsideration is appropriate because the Court committed clear error or the prior Order was manifestly unjust for the following reasons: 1) he never requested damages; 2) the petition for writ of review that Judge Suko denied was unrelated to this case; 3) he submitted admissible evidence to support his factual allegations; 4) the United States Constitution requires all state officials to take an oath of office; 5) the officials in question did not take and file oaths of office as defined under Washington state law; 6) the alleged failure of the officials in question to take their oath of office deprived him of due process of law, presenting a federal question; and 7) Washington courts failed to follow Washington court rules, Washington case law, and Washington statutes when convicting him and upholding his conviction.

Clark does not present a valid challenge to the Court's prior Order. Regardless of whether he requested damages, he did not present valid reasons to vacate his conviction. The Court did not rely on the outcome of the petition filed with Judge Suko in arriving at its decision, but merely noted that the petition apparently dealt with many of the same issues as this case. Furthermore, whatever evidence Clark submitted along with his pleadings is irrelevant at this stage in litigation, when the Court considered only the pleadings and found that he failed to state a claim upon which relief could be granted.

The final four alleged grounds for reconsideration are all related, and the Court stands by its initial determination that they do not provide Clark with the relief he requests from this Court. Nowhere did Clark allege that the officials who investigated him, prosecuted him, tried him, and heard his appeal did not take an oath to support the

ORDER ~ 2

United States Constitution; he alleges only that they did not follow Washington state law procedures for filing the oath of office. As stated in the Court's Order dismissing Clark's complaint, failure to follow state law is not a reason to invalidate a conviction under federal law.

For the reasons given above, the Court abides by its initial decision; Plaintiff may not pursue this action. Accordingly, **IT IS HEREBY ORDERED**: Plaintiff's Motion to Reconsider **(Ct. Rec. 20)** is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to Plaintiff and counsel.

**DATED** this ___8th___ day of April 2010.

S/ Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Civil\2009\163.reconsid.wpd

ORDER * 3